UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPHAEL GLAPPION PINKNEY,<br><br>Defendant. | Case No. 2:13-cr-00026-MMD-VCF<br><br>ORDER |

Before the Court is Raphael Glappion Pinkney's motions for sentencing reduction. (Dkt. nos. 19, 20.) Pinkney requests a sentencing reduction under 18 U.S. C. § 3582(c)(2) and Amendment 782.

Pursuant to Amendment 782, the Court has discretion to reduce the guideline offense levels across all drug types by two levels. Amendment 782 took effect on November 1, 2014. However, with certain limitations, the reduction may be applied retroactively to defendants sentenced before November 1, 2014. One of the limitations that applies to preclude a two-level reduction under Amendment 782 in Pinkney's sentence is the statutory provisions for his underlying offenses. United States Sentencing Guidelines § 1B.10 application note 1(A) explains that a reduction is not authorized under 18 U.S. C. § 3582(c)(2) if an amendment (i.e., Amendment 782) does not have the effect of lowering a defendant's sentencing guidelines by operation of other statutory provision, such as "a statutory mandatory minimum term of imprisonment."

Pinkney pled guilty to one count of conspiracy to possess a controlled substance with intent to distribute and one count of possession of a controlled substance with

intent to distribute.  (Dkt. no. 10.)  Pinkney was sentenced to the mandatory statutory minimum of sixty (60) months as to each count, to be served concurrently. (Dkt. no. 14.) Accordingly, Pinkney is not eligible for any reduction under Amendment 782.

It is therefore ordered that Pinkney's motions for sentencing reduction (dkt. nos. 19, 20) are denied.

DATED THIS 30th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE